IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

**RUDOLPH SMITH**                                                    **PLAINTIFF**

**VS.**                                                    **CIVIL ACTION NO. 3:04CV196BS**

**CHRISTOPHER EPPS**                                    **DEFENDANT**

---

**ORDER**

This matter came before the court on a review of the docket, which revealed that several motions are outstanding. The Plaintiff has twice requested to amend his Complaint, and those requests will be granted. He has also filed a Motion that requested information on the status of his case, which will also be granted. The court's Omnibus Order required the Defendant to report to the court on the status of his case. The Defendant did so, by a Memorandum in which it was related that medical providers have agreed "that in order for Offender Smith's dentures to fit properly on his mandible, oral surgery for realignment is indicated." The problem appears to be that the contracted healthcare provider at the facility where Smith is currently housed is unwilling to pay for Smith to have the necessary surgery for his dentures to fit properly, as Smith's original complaint was made at a time when he was housed at a different facility.

It is beyond question that the failure to provide a prisoner with dental treatment can amount to deliberate indifference, if the condition is sufficiently serious. *Harrison v. Barkley*, 219 F.3d 132, 137-38 (2nd Cir. 2000). This is particularly so where the failure to provide dental treatment affects the prisoner's ability to eat. *Hartsfield v. Colburn*, 371 F.3d 454, 457 (8th Cir. 2004); *Farrow v. West*, 320 F.3d 1235, 1245 (11th Cir. 2003); *Wynn v. Southward*, 251 F. 3d 588, 593 (7th Cir. 2001); *Chance v. Armstrong*, 143 F.3d 698, 703 (2nd Cir. 1998); *Hunt v. Dental Dep't.*, 865 F.2d 198, 200

(9th Cir. 1989); *Ramos v. Lamm*, 639 F.2d 559, 576 (10th Cir. 1980). It is also clear that the Mississippi Department of Corrections cannot escape liability by attempting to shift it to a recalcitrant contractual provider. "Contracting out prison medical care does not relieve the State of its constitutional duty to provide adequate medical treatment to those in its custody, and it does not deprive the State's prisoners of the means to vindicate their Eighth Amendment rights." *West v. Atkins*, 487 U.S. 42, 56 (1988).

In his second Motion to Amend his Complaint, Smith states that, on a visit to the dental unit at the Central Mississippi Correctional Facility, he attempted once again to get surgery on his gums so that his dentures would fit properly. According to his proposed Amended Complaint, he showed the dentist the Defendant's report, in which it is admitted that the surgery is necessary. Smith says that the dentist simply laughed and returned the letter to him. This is a serious allegation, and it merits permitting Smith to amend his Complaint to state this claim. The Defendant will, therefore, be required to answer this Amended Complaint, after which time the court intends to take the necessary steps toward a speedy resolution of Smith's claims.

IT IS, THEREFORE, ORDERED as follows:

1. The Plaintiff's Motion to Amend filed on January 13, 2006; his Motion for Case Status, and his Motion to Amend filed on August 18, 2006, are all hereby **granted**.
2. The Clerk shall enter the Amended Complaint submitted on August 18, 2006.
3. The Defendant shall respond to the Amended Complaint on or before October 10, 2006. Failure to respond may result in the entry of a default judgment.

IT IS SO ORDERED, this the 14th day of September, 2006.

                                                                   S/James C. Sumner
                                              UNITED STATES MAGISTRATE JUDGE